**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        1 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  Juan C. Jimenez

Debtor(s)

Case No.: 17-26727
Judge: JKS

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original        ■ Modified/Notice Required        Date: August 16, 2018
☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

■ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RLL     Initial Debtor:  JCJ     Initial Co-Debtor  _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay  557.09 Monthly*  to the Chapter 13 Trustee, starting on  September 1, 2017  for approximately 24 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection          [X] NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Russell L. Low 4745 | Attorney Fees | 2,500.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None

2

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wells Fargo | 1422 Essex Ave Linden, NJ 07036  Union County | 9,850.96 | 2.00 | 10,078.95 | 1,200.00 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ■ NONE

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ■ NONE

    The following secured claims are unaffected by the Plan:

Creditor

### g. Secured Claims to be Paid in Full Through the Plan ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims    ☐ NONE

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
        ☐    Not less than $_____ to be distributed *pro rata*

        ☐    Not less than _____ percent

        ■    *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases    ■ NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| TOYOTA MOTOR CREDIT CO | 463.00 | Auto Lease Monthly payments: $0.00 | Arrearage: $463.00. 19-month cure. per month through the plan. | 24.37 |

| Part 7: Motions | X NONE |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

| Part 8: Other Plan Provisions |
|---|

    a. **Vesting of Property of the Estate**
        ■ Upon Confirmation
        ☐ Upon Discharge

    b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
        1)   Ch. 13 Standing Trustee Commissions
        2)   Other Administrative Claims
        3)   Secured Claims
        4)   Lease Arrearages

5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: August 17, 2017.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The Plan is being modified to pay off arrears for Wells Fargo and Toyota as well as cure the delinquent trustee payment balance. | The Plan is being modified by increasing the monthly trustee payment to $557.09 starting in September 2018 to address the secured claims for Wells Fargo and Toyota as well as cure the delinquent trustee payment balance. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
■ Explain here:
*This plan is a step plan or has lumpsum payments as follows: $557.09 per month for 24 months, plus $2,082.20 lumpsum payment in month 12

Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: August 16, 2018    /s/ Juan C. Jimenez
                          Juan C. Jimenez
                          **Debtor**

Date: _____    _____
                          **Joint Debtor**

Date August 16, 2018    /s/ Russell L. Low
                          Russell L. Low 4745
                          Attorney for the Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 17-26727-JKS
Juan C Jimenez                                                  Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin             Page 1 of 2            Date Rcvd: Aug 17, 2018
                             Form ID: pdf901         Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 19, 2018.
```
db          +Juan C Jimenez,    1422 Essex Ave,    Linden, NJ 07036-1938
intp         State of New Jersey,    Dept of Human Services,    PO Box 716,    Trenton, NJ  08625-0716
517137234    Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517016062   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517016068    NJ CHLD SUPPT,    CN-716,    TRENTON, NJ 08625
517016069   +REMEX INC,    307 WALL ST,    PRINCETON, NJ 08540-1515
517016073  ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
             (address filed with court:  TOYOTA MOTOR CREDIT CO,    4 GATEHALL DR STE 350,
             PARSIPPANY, NJ 07054)
517048774   +Toyota Lease Trust,    C/O Toyota Motor Credit Corporation,    PO Box 9013,
             Addison, Texas 75001-9013
517164958    U.S. Department of Education,    c/o FedLoan Servicing,    P.O. Box 69184,
             Harrisburg, PA 17106-9184
517016080    WFFNB RETAIL,    CSCL DISPUTE TEAM,    DES MOINES, IA 50306
517148942    Wells Fargo Bank, N.A.,    PO Box 10438, MAC F8235-02F,    Des Moines, IA 50306-0438
517118083    Wells Fargo Bank, N.A.,    Default Document Processing,    N9286-01Y,    1000 Blue Gentian Road,
             Eagan, MN 55121-7700
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Aug 18 2018 00:16:25     U.S. Attorney,    970 Broad St.,
             Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 18 2018 00:16:20      United States Trustee,
             Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
             Newark, NJ 07102-5235
cr          +E-mail/PDF: gecsedi@recoverycorp.com Aug 18 2018 00:21:40
             Synchrony Bank, c/o PRA Recievables Management, LL,    POB 41021,    Norfolk, VA 23541-1021
517215535    E-mail/PDF: resurgentbknotifications@resurgent.com Aug 18 2018 00:21:28
             Ashley Funding Services, LLC its successors and,    assigns as assignee of Laboratory,
             Corporation of America Holdings,    Resurgent Capital Services,    PO Box 10587,
             Greenville, SC 29603-0587
517016061   +E-mail/PDF: creditonebknotifications@resurgent.com Aug 18 2018 00:21:56     CREDIT ONE BANK NA,
             PO BOX 98872,    LAS VEGAS, NV 89193-8872
517016063   +E-mail/Text: bankruptcy@hccredit.com Aug 18 2018 00:18:00     HCCREDIT/CIT,    PO BOX 829,
             SPRINGDALE, AR 72765-0829
517016064   +E-mail/Text: bnckohlsnotices@becket-lee.com Aug 18 2018 00:15:27     KOHLS/CAPONE,
             N56 W 17000 RIDGEWOOD DR,    MENOMONEE FALLS, WI 53051-7096
517016065   +E-mail/PDF: resurgentbknotifications@resurgent.com Aug 18 2018 00:20:59     LVNV FUNDING LLC,
             PO BOX 10497,    GREENVILLE, SC 29603-0497
517214085    E-mail/PDF: resurgentbknotifications@resurgent.com Aug 18 2018 00:21:27
             LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
             Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517016066   +E-mail/Text: bkr@cardworks.com Aug 18 2018 00:15:09     MERRICK BANK CORP,    PO BOX 9201,
             OLD BETHPAGE, NY 11804-9001
517016067   +E-mail/Text: bankruptcydpt@mcmcg.com Aug 18 2018 00:16:20     MIDLAND FUNDING,
             2365 NORTHSIDE DR STE 30,    SAN DIEGO, CA 92108-2709
517180409   +E-mail/Text: bankruptcydpt@mcmcg.com Aug 18 2018 00:16:20     MIDLAND FUNDING LLC,
             PO Box 2011,    Warren, MI 48090-2011
517016071   +E-mail/PDF: gecsedi@recoverycorp.com Aug 18 2018 00:21:40     SYNCB/OLD NAVY,    PO BOX 965005,
             ORLANDO, FL 32896-5005
517016072   +E-mail/PDF: gecsedi@recoverycorp.com Aug 18 2018 00:20:41     SYNCB/SLEEP NUMBER,
             C/O PO BOX 965036,    ORLANDO, FL 32896-0001
517018232   +E-mail/PDF: gecsedi@recoverycorp.com Aug 18 2018 00:20:41     Synchrony Bank,
             c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517016075   +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Aug 18 2018 00:15:11
             VERIZON,    PO BOX 650584,    DALLAS, TX 75265-0584
517016077   +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Aug 18 2018 00:15:12
             VERIZON WIRELESS,    PO BOX 650051,    DALLAS, TX 75265-0051
517122239    E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 18 2018 00:21:30     Verizon,
             by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517016078   +E-mail/Text: bnc-bluestem@quantum3group.com Aug 18 2018 00:17:21     WEBBANK/FINGERHUT,
             6250 RIDGEWOOD RD,    SAINT CLOUD, MN 56303-0820
                                                                                              TOTAL: 19
```

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
517016074*  ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
             (address filed with court:  TOYOTA MOTOR CREDIT CO,    4 GATEHALL DR STE 350,
             PARSIPPANY, NJ 07054)
517016076*  +VERIZON,    PO BOX 650584,    DALLAS, TX 75265-0584
517016060   ##+AFM FINANCIAL SERVICES,    1150 RARITAN RD STE 103,    CRANFORD, NJ 07016-3369
517016070   ##+STELLAR RECOVERY INC,    4500 SALISBURY RD STE 10,    JACKSONVILLE, FL 32216-8035
517016079   ##+Wells Fargo,    PO Box 6412,    Carol Stream, IL 60197-6412
                                                                                TOTALS: 0, * 2, ## 3
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
District/off: 0312-2          User: admin              Page 2 of 2             Date Rcvd: Aug 17, 2018
                              Form ID: pdf901          Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2018                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 16, 2018 at the address(es) listed below:
```
          Charles G. Wohlrab    on behalf of Creditor    Wells Fargo Bank, N.A. cwohlrab@logs.com,
           njbankruptcynotifications@logs.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Marie-Ann Greenberg     magecf@magtrustee.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          Russell L. Low    on behalf of Debtor Juan C Jimenez rbear611@aol.com,
           ecf@lowbankruptcy.com;r57808@notify.bestcase.com
          U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
          William M.E. Powers, III    on behalf of Creditor    Wells Fargo Bank, N.A. ecf@powerskirn.com
                                                                                             TOTAL: 7
```